Ron BURDETTE, Plaintiff—Appellant,

v.

BUTTE COUNTY; et al., Defendants— Appellees.

No. 03–15840.
D.C. No. CV–01–01980–DFL/KJM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Jan. 28, 2005.

Michael R. Bush, Chico, CA, for Plaintiff–Appellant.

Michael Deems, Keene and Deems, Chico, CA, Patrick A. Lanius, Lanius and Associates, El Dorado Hills, CA, for Defendants–Appellees.

Before BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Ron Burdette ("Burdette") appeals the district court's grant of summary judgment on behalf of defendants Dr. Lancaster, Sheriff Scott McKenzie, and Butte County in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to grant summary judgment on grounds of qualified immunity de novo. In ruling on qualified immunity, we must consider whether, "taken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a constitutional right" that is clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The undisputed facts are that Burdette suffered head injuries after having a seizure and falling while in the pill call line at Butte County Jail. He claims that his seizure was caused by the decision of Dr. Lancaster, the prison doctor, to taper him off of Xanax and prescribe Imipramine, and that this was pursuant to a prison policy implemented by Dr. Lancaster.

Burdette has not shown that Dr. Lancaster's decision to change drugs constituted deliberate indifference to Burdette's serious medical needs in violation of the Fourteenth Amendment. *Maddox v. Los Angeles County*, 792 F.2d 1408, 1414 (9th Cir.1986).[1] A doctor disregards an excessive risk to an inmate's health or safety if the doctor is aware of facts that would alert him or her to a substantial risk of serious harm. *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir.2003).

There is no evidence in the record that Dr. Lancaster was aware that his decision to change Burdette's medications could or would create a substantial risk of harm to Burdette's health or safety. It is undisputed that the risk of serious side effects from tapering a patient off of Xanax is statistically slight. In addition, the parties agree that Dr. Lancaster was not on duty the night that Burdette experienced withdrawal symptoms prior to his seizure.

As Burdette has not shown a violation of his constitutional rights, he also cannot establish liability on behalf of the sheriff or

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This Court evaluates the medical claims of pre-trial detainees under the Fourteenth Amendment, but uses the Eighth Amendment's analytical framework of deliberate indifference to analyze these claims. *Id.*

the county. *Monell v. Dep't of Soc. Serv. of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.